MICHAEL J. HEYMAN
United States Attorney

AINSLEY MCNERNEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: Ainsley.McNerney1@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| vs. | No. 3:24-cr-00096-SLG-MMS |
| THURMAN REED, | |
| Defendant. | |

## SENTENCING MEMORANDUM

The United States recommends imposition of the following sentence:

**INCARCERATION**..................................................................................**180 MONTHS**
**SUPERVISED RELEASE**..........................................................................**5 YEARS**
**SPECIAL ASSESSMENT**................................................................................**$100**
**RESTITUTION** ...............................................................................................**N/A**
**FINE**.................................................................................................................**N/A**

**FACTS**

On February 28, 2024, the defendant sold fentanyl analogue and heroin to an individual. Laboratory analysis confirmed that the defendant distributed 6.2 grams of

paraflourofentanyl (a fentanyl analogue) and 6.58 grams of heroin.

On March 6, 2024, the defendant sold methamphetamine to an individual. Laboratory analysis confirmed that defendant distributed 27.13 grams of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

On March 13, 2024, the defendant sold heroin to an individual. Laboratory analysis confirmed that the defendant distributed at least 49.41 grams of heroin. An additional 51.25 grams of suspected heroin was not tested.

On May 1, 2024, the defendant sold methamphetamine to an individual. Laboratory analysis confirmed that the defendant distributed 311.9 grams of actual methamphetamine, its salts, isomers, or salts of its isomers.

On May 28, 2024, while executing a search warrant at the defendant's residence and storage unit, investigators seized a total of 10,127.018 grams of actual methamphetamine, 247.1 grams of fentanyl, 486.097 grams of heroin, and 15.636 grams of cocaine. The narcotics seized were confirmed through laboratory testing.

//
//
//
//
//
//

In his storage unit alone, investigators located just under 10,000 grams of confirmed methamphetamine, just over 450 grams of confirmed heroin, and just over 200 grams of confirmed fentanyl:



The defendant appeared to have kept smaller quantities in his residence for distribution, along with other indicia of distribution in the form of scales and smaller bags for individual distribution but maintained the bulk of his supply at his storage unit.

During the search at the defendant's residence, investigators also located a Glock 17 9mm pistol inside of a black backpack that contained distribution quantities of methamphetamine, heroin, fentanyl, and a digital scale. Also located inside of the black backpack with the pistol and the drugs was an additional 9mm magazine loaded with four

rounds of ammunition. The defendant possessed the Glock 17 9mm pistol after sustaining seven prior felony convictions.

The defendant agreed to plead guilty to Count 5, Possession of a Controlled Substance with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and Count 6, Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). The government has agreed to dismiss Counts 1 through 4, and 7, in addition to the Enhanced Statutory Penalties Allegation that would have raised the defendant's mandatory minimum sentence on Count 5 to 180 months. The parties jointly agree that a cumulative sentence of 180 months on Counts 5 and 6 is the appropriate disposition for this case.

**GUIDELINES CALCULATION**

The United States agrees with the United States Probation Office's (USPO) calculation of the sentencing guideline range with one minor exception. The defendant's sentencing memorandum at Docket 47 correctly points out that, because the defendant is also pleading guilty to Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c), the 2 point special offense characteristic at USSG §2D1.1(b)(2) for making a credible threat of violence does not apply because it is already accounted for by the consecutive mandatory minimum sentence prescribed by § 924(c). *See* USSG §2K2.4, Application Note 4(A). Accordingly, the defendant's total offense level is 35 after accounting for the discounts applied at USSG §§3E1.1(a) and (b), resulting in a guideline range of 210-262 months.

## STATUTORY CRITERIA AND RECOMMENDED SENTENCE

The parties agree that a cumulative sentence of 180 months, consisting of 120 months on Count 5, and 60 months on Count 6, is sufficient, but not greater than necessary to serve the goals of sentencing outlined at 18 U.S.C. § 3553(a).

### 1. Nature and circumstances of the offense

The defendant undisputedly distributed large quantities of narcotics on four separate occasions. The defendant's drug trafficking operation was so large that he maintained a stockpile of supply in a separate storage unit. That stockpile consisted of nearly 10,000 grams of methamphetamine, and just over 450 grams of heroin and 200 grams of fentanyl. These quantities mandate a minimum sentence of 120 months.

In addition to his drug trafficking, the defendant possessed a firearm despite being a 7-time convicted felon. The defendant carried that firearm with him in his backpack when distributing narcotics. He carried that firearm in furtherance of his drug trafficking activity, mandating an additional consecutive sentence of 60 months.

### 2. History and characteristics of the defendant

The defendant's criminal history dates back to 1988. The defendant's earliest recorded conviction resulted from a brutal assault that he inflicted on his female roommate at the time. *See* Dkt. 46 at ¶ 35. Indeed, the convictions that followed exhibit a continued an unabated pattern of egregious acts of violence against women. *See id.* at ¶¶ 36–41. The defendant's criminal conduct appears to be disrupted almost exclusively by periods of incarceration. The defendant also has a consistent history of supervised release and probation/parole violations. *See id.* at 3, and 11–19 ¶¶ 35–41.

U.S. v. Reed
3:24-cr-00096-SLG-MMS

The defendant most recently released from custody in July 2023 at the age of 65, and within less than a year, had amassed a large stockpile of narcotics and was consistently distributing methamphetamine, heroin, and fentanyl. Contrary to the defendant's assertion at Docket 47 that "the older a person gets the less likely they are to recidivate," the defendant's criminal conduct has alarmingly escalated with age. Dkt. 47 at 8. The fact that, at the age of 67, the defendant faces his most significant sentence yet belies the defendant's assertion regarding recidivism. The defendant's criminal history clearly establishes that he is undeterred.

A 15-year sentence is nonetheless significant for the defendant's age. The defendant will be in his 80's once released from custody. A below-guideline sentence of 120 months on Count 5, followed by a consecutive 60-month sentence on Count 6 is, thus, sufficient, but not greater than necessary when taking into consideration both the defendant's criminal history and other relevant characteristics.

## 3. The seriousness of the offense and just punishment

The defendant was trafficking in deadly narcotics. The defendant committed the instant offenses after sustaining 7 felony convictions. Those prior felony convictions preclude the defendant from possessing firearms. Indeed, four of his prior felony convictions consist of two federal convictions for Felon in Possession of a Firearm in violations of 18 U.S.C. § 922(g), and two state convictions for the equivalent.

## 4. Adequate deterrence

Given the defendant's history and escalating criminal conduct, the government is not confident that any sentence will deter the defendant. The defendant's conduct is

U.S. v. Reed
3:24-cr-00096-SLG-MMS

Page 6 of 8
Case 3:24-cr-00096-SLG-MMS   Document 52   Filed 11/28/25   Page 6 of 8

nonetheless serious. His conduct accounts for thousands of grams of deadly narcotics. The defendant also possessed a firearm to aid him in the distribution of those narcotics despite multiple prior felonies. As previously stated, the proposed sentence is the longest the defendant will serve and will carry him into his 80's. 180 months is, therefore, sufficient, but not greater than necessary to address deterrence as it relates specifically to this defendant.

The fact that the defendant's sentence will carry him into his 80's also serves the goal of general deterrence by sending the message that drug trafficking crimes will be taken seriously and incur significant penalties no matter one's age.

## 5. Protection of the public from further crimes

Despite the diligent efforts of law enforcement, deadly illegal narcotics continue to flood the nation. Against this backdrop, protection of the public continues to be paramount. The defendant had a stockpile of drugs for distribution, and his history suggests that no amount of incarceration will deter him from future criminal conduct. Accordingly, the Court's sentence should be tailored to protect the public from further drug distribution by this defendant. The parties' proposed cumulative sentence of 180 months does just that.

## 6. Avoidance of unwarranted disparities

The proposed sentence falls directly between the average length of imprisonment (176 months) and the median length of imprisonment (198 months) cited by the USPO. *See* Dkt. 46 at 4.

//

//

U.S. v. Reed
3:24-cr-00096-SLG-MMS

Page 7 of 8
Case 3:24-cr-00096-SLG-MMS   Document 52   Filed 11/28/25   Page 7 of 8

**CONCLUSION**

Based on the foregoing, the parties' recommended sentence is appropriate in this case. Pursuant to the factors outlined in 18 U.S.C. § 3553(a), a cumulative sentence of 180 months on Counts 5 and 6 is sufficient, but not greater than necessary. The government also recommends concurrent terms of supervision of 5 years on each count.

RESPECTFULLY SUBMITTED November 28, 2025 at Anchorage, Alaska.

      MICHAEL J. HEYMAN
      United States Attorney

      /s *Ainsley McNerney*
      AINSLEY MCNERNEY
      Assistant United States Attorney
      United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2025 a true and correct copy of the foregoing was served electronically on all counsel of record.

/s *Ainsley McNerney*